# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-KA-01059-COA

**CHRISTOPHER A. GROVES A/K/A**                      **APPELLANT**
**CHRISTOPHER GROVES**

**v.**

**STATE OF MISSISSIPPI**                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/2020 |
| TRIAL JUDGE: | HON. MARK SHELDON DUNCAN |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| DISTRICT ATTORNEY: | STEVEN SIMEON KILGORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/26/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Christopher Groves was convicted of theft of an automobile and sentenced to serve five years in the custody of the Mississippi Department of Corrections (MDOC). Finding no arguable issues on appeal, Groves's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). Groves was granted time to file a supplemental brief pro se, but he elected not to do so. No issues were raised on appeal, and this Court's review of the record has revealed no reversible errors. Therefore, we affirm the judgment of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2.     Early on the afternoon of August 19, 2019, Candice Primer went to Piggy Wiggly in Carthage, Mississippi.  At the time, she was driving a black 2005 Nissan Altima that her parents owned.  Primer parked in front of some vending machines, and on her way into the store she noticed Groves standing nearby.  Once inside, Primer realized that she had left her money in the car.  When she retrieved her money, she inadvertently left her keys in the car.  Less than ten minutes later, after paying for her groceries and leaving the store, Primer noticed that her car was no longer in the parking lot.  She called her mother and then the police.

¶3.     Primer's mother picked her up from Piggly Wiggly and they drove around in search of the missing car.  Primer's friends notified her that the car was at McDonald's.  In the meantime, a be-on-the-lookout notice had been placed on the car, and as Investigator Stephen Bell was patrolling, searching for the car, he saw a car matching the description of the Primers' car in the McDonald's parking lot.  After ascertaining that the car tag and VIN number matched those of the missing car, the police arrested Groves in a parking lot near McDonald's.

¶4.     Groves was taken to the police station and interviewed by Investigators Stephen Bell and Taylor Parker.  Groves declined to give a written statement.  He told the police that he had gone to Piggly Wiggly to buy meat, and when he realized he had forgotten his EBT card, he started walking home.  As Groves was walking, he allegedly was approached by a white man in a black car.  The man advised Groves that the car was stolen and asked if he wanted

2

to buy it. Groves told the police that he bought the car for $500 and drove it to McDonald's.

¶5.     A Leake County grand jury indicted Groves in February 2020 for one count of automobile theft in violation of Mississippi Code Annotated sections 97-17-41(1) (Rev. 2014) and 97-17-42 (Rev. 2014). The indictment was subsequently amended to charge Groves as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 2018). On September 14, 2020, following a jury trial in circuit court, Groves was found guilty as charged and sentenced to serve five years in MDOC's custody.[1] Groves filed a post-trial motion for a new trial, which was denied on October 13, 2020. A notice of appeal was then filed.

## DISCUSSION

¶6.     In *Lindsey*, the Mississippi Supreme Court adopted a framework "to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Lindsey*, 939 So. 2d at 748 (¶18). First, "[c]ounsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)]." *Id*. In the brief,

> counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

---

[1] There was a question about the timeliness of the amendment of the indictment to reflect Groves's status as a habitual offender, so the judge declined to sentence him under the habitual-offender statute.

*Id.*

¶7.     Counsel is then required to forward a copy of the brief to the client, informing the client that the record contains no arguable issues and advising the client that he has a right to file a pro se brief. *Id.* Next, this Court will "determine, based on [our] review of the record and any pro se brief filed, if there is any arguable issue." *Johnson v. State*, 307 So. 3d 500, 502 (¶7) (Miss. Ct. App. 2020). In the event this Court finds any arguable issue, we "will require appellate counsel to submit supplemental briefing on that issue 'regardless of the probability of the defendant's success on appeal.'" *Id.* (quoting *Lindsey*, 939 So. 2d at 748 (¶18)). Finally, "[o]nce briefing is complete, [we will] . . . consider the case on the merits and render a decision." *Id.*

¶8.     In this instance, Groves's appellate counsel filed a brief in compliance with *Lindsey* stating that Groves's case presents no arguable issues for appeal. After being informed that he could file a supplemental brief pro se, Groves failed to submit a brief to the Court. Upon review of the record, we have identified no arguable issue that would warrant supplemental briefing nor any reversible error. Accordingly, we affirm the judgment of the circuit court.

¶9.     **AFFIRMED.**

**BARNES, C.J.**, **CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**